# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-60770
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 6, 2017

Lyle W. Cayce
Clerk

FAVAZ UR-REHMAN,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A205 999 308

Before JOLLY, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:*

Favaz Ur-Rehman petitions for review of the dismissal of his appeal by the Board of Immigration Appeals (BIA) following the denial by the Immigration Judge of his application for asylum, withholding of removal, and withholding of removal under the Convention Against Torture (CAT). We review the denial of relief for substantial evidence. *Tamara-Gomez v. Gonzales*, 447 F.3d 343, 347 (5th Cir. 2006).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-60770

Substantial evidence supports the BIA's finding that Ur-Rehman was not entitled to asylum or withholding of removal. The record does not compel the conclusion that the harm he suffered, the destruction of his business and threats to harm him and his family, amounted to persecution. *See Tamara-Gomez*, 447 F.3d at 347-48; *Eduard v. Ashcroft*, 379 F.3d 182, 187 (5th Cir. 2004). The record also does not compel the conclusion that he has a well-founded fear of persecution on account of a protected ground because he previously engaged in conduct that the Taliban perceived to be anti-Islamic. *See Orellana-Monson v. Holder*, 685 F.3d 511, 518 (5th Cir. 2012); *Tamara-Gomez*, 447 F.3d at 347-49; *Zhao v. Gonzales*, 404 F.3d 295, 307 (5th Cir. 2005). We do not consider his alternative argument that he established a pattern or practice of persecution of similarly situated persons and his inclusion in and identification with that group, *see Zhao*, 404 F.3d at 307, because this portion of his brief fails to meaningfully comply with the appellate briefing requirements, *see* FED. R. APP. P. 28(a)(8)(A). We lack jurisdiction to consider Ur-Rehman's unexhausted argument that the BIA erred in failing to actually decide whether he is a member of a particular social group; in any event, the BIA's determination to assume that he is for the sake of argument inured to Ur-Rehman's benefit. *See Omari v. Holder*, 562 F.3d 314, 319-21 (5th Cir. 2009).

Ur-Rehman again fails to comply with the appellate briefing requirements in the portion of his brief regarding the denial of CAT relief. *See* FED. R. APP. P. 28(a)(8)(A). Moreover, substantial evidence supports the BIA's finding that Ur-Rehman failed to establish that he will be tortured by or with the acquiescence of the Pakistan Government. *See Tamara-Gomez*, 447 F.3d at 347, 350-51.

No. 16-60770

Ur-Rehman's petition for review is DENIED in part and DISMISSED in part for lack of jurisdiction.